IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INTERNATIONAL HEALTH TECHNOLOGY COMPANY, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>ENSEO, LLC<br><br>      Defendant. | CIVIL ACTION<br><br>NO. 2:24-cv-10<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff International Health Technology Company, LLC ("Plaintiff") files this Complaint for Patent Infringement and states as follows:

### THE PARTIES

1.　Plaintiff is a limited liability company organized under the laws of the State of Colorado with a place of business at 2990 East 17th Avenue, #807, Denver, CO 80206.

2.　Upon information and belief, Enseo, LLC ("Defendant") is a corporation organized and existing under the laws of Texas, with an office at 2201 10th Street, Plano, TX 75074. Upon information and belief, Defendant does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

### JURISDICTION AND VENUE

3.　This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4. This Court has personal jurisdiction over Defendant, consistent with due process. Defendant resides in Texas. Moreover, on information and belief, Defendant has minimum contacts with the State of Texas, and Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas. On information and belief, Defendant has engaged in systematic and continuous business activities in this District, directly or through intermediaries. On information and belief, Defendant has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District, the State of Texas, as well as elsewhere in the United States. Based on Defendant's activities, including its infringing conduct, the exercise of jurisdiction over Defendant will not offend the traditional notions of fair play and substantial justice.

5. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its infringing activities; (b) regularly doing or soliciting business in Texas; and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant resides in Texas. Moreover, Defendant has committed acts of infringement and has a regular and established place of business in Texas.

**FACTUAL BACKGROUND**

**U.S. Patent No. 7,486,194**

7. On February 3, 2009, U.S. Patent No. 7,486,194 ("the '194 patent") was duly and legally issued by the United States Patent and Trademark Office ("USPTO") for an invention entitled "Personal Alarm System for Obtaining Assistance from Remote Recipients." Ex. A (which is incorporated by reference in its entirety).

8.  The '194 patent teaches methods for transmitting signals to a recipient, such as a contact, a monitoring center, or rescue or other emergency authorities, from a remote communication device. Specifically, the '194 patent addresses using a triggering key to activate an interface module in the case of an emergency, thereby causing the communication device to transmit a signal to the recipient. The '194 patent includes at least one claim that references an "alarm system" that includes a communication device (such as a cell phone), a triggering key (preferably designed to be easily carried by or attached to a user), and an interface module (which may be combined with the communication device).

9.  Plaintiff is the assignee and owner of the right, title and interest in and to the '194 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,486,194**

10. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

11. Defendant has in the past and continues to infringe one or more claims of the '149 patent, including at least claim 37, in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, or selling products covered by at least one claim of the '194 patent ("accused products") within the United States or importing accused products into the United States, including in connection with its MadeSafe system ("Accused Instrumentalities") as set forth in the illustrative claim chart attached hereto as Exhibit B (which is incorporated herein by reference).

12. Moreover, after receiving notice of the '149 patent and its infringement thereof no later than the service of this complaint, on information and belief, Defendant continues to induce third-parties (e.g., its customers and users of accused products (including the Accused Instrumentalities)) to directly infringe the '149 patent, including, for example, by marketing,

advertising, and distributing the above-referenced Accused Instrumentalities and encouraging others to use them in a way known to infringe when used in their customary and intended manner as set forth in Exhibit B.

13. In particular, Defendant's actions that aid and abet others, such as their customers, to infringe include distributing the Accused Instrumentalities and providing materials and/or services related to the Accused Instrumentalities. On information and belief, since receiving notice of its infringement no later than the service of this Complaint, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '149 patent and that its acts were inducing infringement of the '149 patent.

14. Plaintiff has been harmed by Defendant's infringing activities regarding the '149 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. Entry of judgment that Defendant has infringed one or more claims of the '149 patent,

B. Damages in an amount to be determined at trial for Defendant's infringement, including any continuing or future infringement through the date such judgment is entered, which amount cannot be less than a reasonable royalty, and an

accounting of all infringing acts, including but not limited to those acts not presented at trial,

C. Pre-judgment and post-judgment interest on the damages assessed,

D. That the Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285, and

E. Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 9th day of January, 2024.

/s/ *Cortney S. Alexander*
Cortney S. Alexander
GA Bar No. 142690
cortneyalexander@kentrisley.com
Tel: (404) 855-3867
Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff